OPINION
The stipulated facts of this case are as follows:
 1. On June 25, 1987, Grace Fracasso transferred the property at 100 Leland Avenue[,] Columbus, Ohio 43215 [sic] to her three children, Guy Dominic Fracasso, Norma Jean DeLauder, and Gloria Ann Parker (nka Gloria Kerbler) in fee simple.
 2. No cash was transferred in conjunction with the transfer of the real estate.
 3. A federal gift tax return was filed in April 1988 which disclosed the value of the property as $55,000.00.
 4. Mrs. Fracasso lived at the property until her death on January 1, 1998. Gloria Kerbler's daughter also resided at the property while attending school.
 5. Income from rental of a garage on the property was used to pay taxes, insurance and maintenance, improvement plumbing, cleaning, painting[,] lawn care and other repairs. To the extend [sic] that income was insufficient, these items were paid by the grantees.
 6. The property was sold for $85,000.00 in February, 1998.
 7. The Ohio Estate Tax Return which was filed by Ms. Kerbler did not disclose the property as part of the Gross Estate.
 8. On June 26, 1998, the Tax Commission issued an Adjustment and Administrative Conference Notice which proposed an increase of $85,000.00 to account for the value of the property, citing Revised Code § 5731.06.
 9. The Tax Commissioner issued a Certificate of Determination of Ohio Estate Tax on June 3, 1999, and Exceptions to the Determination were filed on August 6, 1999.
 10. No proceedings to administer the estate or relieve the estate from administration were filed in this Court.
The Probate Court of Franklin County applied these facts and determined that the value of the Leland Avenue property needed to be included in the Ohio Estate Tax Return for Ms. Fracasso. The estate has now pursued a direct appeal, assigning two errors for our consideration:
 1. The Probate Court erred in interpreting Sec. 5731.06
of the Ohio Revised Code as including in the estate of a decedent, the full value of real property transferred 10 years prior to death wherein no life estate was retained.
 2. The Probate Court erred in finding the Tax Commissioner's finding presumptively valid where it was shown that the findings were unreasonable or unlawful.
The stipulated facts indicate that Grace Fracasso transferred her entire interest in the real estate to her children when she transferred the property to them personally in fee simple. No trust documents were ever drawn up and the transfer was not made to the heirs as trustees. The real estate was included in a federal gift tax return almost ten years before Grace Fracasso died.
The evidence before the trial court indicated that Grace Fracasso was allowed to live on the property until her death. The fact that adult children do not choose to evict their elderly mother from her long-time residence after their mother has been nice enough to give them real estate valued at over $50,000 is no evidence of the existence of an enforceable legal right in the real estate being retained by the mother. Instead, the adult children chose to act reasonably and considerately.
R.C. 5731.06 reads:
 The value of the gross estate shall include the value of all property, to the extent of any interest therein of which the decedent has at any time made a transfer, except in the case of a bona fide sale for an adequate and full consideration in money or money's worth, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death the possession or enjoyment of, or the right to the income from, the property, or the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom.
We view R.C. 5731.06 as requiring the decedent to have had some legally enforceable right or interest in the real estate as of the date of death for the real estate to be included in the value of the gross estate. The fact that the decedent was allowed to be physically present on the real estate ten years after the gift was completed does not cause the value of the real estate to be included in the gross estate because mere presence on the real estate does not convey a legally enforceable right to possession or constitute possession for purposes of R.C. 5731.06. Possession requires control, not mere presence at the premises.
We note portions of the stipulated facts which indicate that the children of Grace Fracasso exercised actual control over the real estate and assumed responsibility for the financial burdens which accompanied ownership of the real estate. They leased a portion of the real estate to third parties. The children paid taxes, insurance, maintenance and plumbing costs for the real estate. They also paid for lawn care, cleaning and other repairs.
Had the children chosen to evict their mother, they could legally have done so. Had the children had a judgment rendered against them, the creditor could have attached the property and sold it at a sheriff's sale, regardless of Grace Fracasso's desires. Had the real estate taxes not been paid, the sums due could have forced a sale of the real estate, again without regard to Ms. Fracasso's wishes.
Grace Fracasso retained no interest in 100 Leland Avenue after she gave it to her children in fee simple. Therefore, R.C.5731.06, as we construe it, does not require or authorize including the value of the real estate in Ms. Fracasso's estate. We, therefore, sustain the first assignment of error.
As a result of our sustaining the first assignment of error, we find the second assignment of error to be moot.
We, therefore, reverse the judgment of the Probate Court and remand the case with instructions to enter an order to exclude the value of the real estate at 100 Leland Avenue from the Ohio Estate Tax Return.
BROWN, J., concurs.